**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

VEHICLE IP, LLC,

            Plaintiff,

    v.

OLDCASTLE, INC.,

            Defendant.

Civil Case No. 3:14-cv-00823

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Vehicle IP, LLC files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendant.  Vehicle IP, LLC states and alleges the following:

## THE PARTIES

1.      Plaintiff Vehicle IP, LLC is a Delaware limited liability company, having its principal place of business at 5101 Wheelis Drive, Suite 100, Memphis, Tennessee 38117. Vehicle IP is wholly-owned by Vehicle Safety & Compliance, LLC ("VSAC") located in Memphis, Tennessee.  VSAC is a transportation technology company that invents, develops and sells products principally for commercial vehicles.

2.      On information and belief, Defendant Oldcastle, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 900 Ashwood Parkway, Suite 600, Atlanta, Georgia 30338.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction pursuant to

28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Oldcastle because it regularly conducts

business in the State of Texas and therefore has substantial and continuous contacts within this

judicial district; because it has purposefully availed itself to the privileges of conducting business

in this judicial district; and/or because it has committed acts of patent infringement in this

judicial district.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and

1400(b).

**COUNT I**
**(Patent Infringement)**

6.      Vehicle IP restates and realleges the preceding paragraphs of this Complaint.

7.      On December 2, 1997, United States Patent No. 5,694,322 ("the '322 patent")

entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued

by the United States Patent and Trademark Office.  Vehicle IP owns the '322 patent by

assignment.  A true and correct copy of the '322 patent is attached as Exhibit A.

8.      On October 19, 1999, United States Patent No. 5,970,481 ("the '481 patent")

entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued

by the United States Patent and Trademark Office.  Vehicle IP owns the '481 patent by

assignment.  A true and correct copy of the '481 patent is attached as Exhibit B.

9.      On February 16, 2010, a third party filed *ex parte* reexamination requests with the

United States Patent and Trademark Office (Patent Office) with respect to the '322 and '481

patents.  On April 30, 2010 and May 1, 2010, the Patent Office granted the third party's requests

for reexamination of the '322 and '481 patents.

10.     On September 13, 2011, the Patent Office concluded the first reexamination of the

'322 patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the

original claims and the new claims added during the reexamination.  A true and correct copy of

the Reexamination Certificate of the '322 patent is attached as Exhibit C.

11.     On July 8, 2011, and nearly one week after the Patent Office issued the Notice of

Intent to Issue a Reexamination Certificate (NIRC) for the '322 patent, the same third party filed

a second request for reexamination of the '322 patent.  The Patent Office granted the third

party's request.  More than two years later, on January 15, 2014, the Patent Office concluded the

second reexamination of the '322 patent by issuing an *Ex Parte* Reexamination Certificate.  The

Patent Office confirmed the patentability of claims 7, 17, 34, 44, 47, 48, 51, 52, 65, 66, 69, 70,

73, 74, 87, 88, 92, 93, 95, 98, 99, 113, 114, 130, 131, 133, 135, 137, 140, 141, 174, 175, 185, and

186 of the '322 patent.  A copy of the second Reexamination Certificate of the '322 patent is

attached as Exhibit D.

12.     On July 10, 2012, the Patent Office concluded the first reexamination of the '481

patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the

original claims and the new claims added during the reexamination.  A true and correct copy of

the Reexamination Certificate of the '481 patent is attached as Exhibit E.

13.     On August 1, 2012, and less than one month after the Patent Office issued the

reexamination certificate for the '481 patent, the same third party filed a second request for

reexamination of the '481 patent.  The Patent Office granted the third party's request.  On

January 15, 2014, the Patent Office concluded the second reexamination of the '481 patent by

issuing an *Ex Parte* Reexamination Certificate. The Patent Office confirmed the patentability of claims 1-11, 13-20, 42-44, 53-73, 83-85, and 94-110. A copy of the second Reexamination Certificate of the '481 patent is attached as Exhibit F.

14.     On information and belief, Oldcastle uses a vehicle positioning and communication system and fuel tax services that, in combination, are capable of practicing the '322 and '481 patents. Based on publicly available information, Vehicle IP suspected that Oldcastle may have infringed the '322 and '481 patents.

15.     Vehicle IP gave Oldcastle actual notice of the '322 and '481 patents as early as April 26, 2012, and from that date has sought information that would assist Vehicle IP in confirming whether Oldcastle' systems and methods for determining the fuel tax for its vehicles are within the lawful scope of one or more claims of the '322 and '481 patents.

16.     For example, on April 26, 2012, Bradley Larschan, the Chief Executive Officer of Vehicle IP, sent a letter to Mark Towe, Chief Executive Officer of Oldcastle, identifying the '322 and '481 patents and requesting that Oldcastle provide information sufficient to describe in detail the systems and methods it uses to calculate fuel taxes for the vehicles in its fleet. Despite leaving several follow up messages for Mr. Stubbs, Oldcastle never responded to the April 26 letter.

17.     After waiting more than eight months with no response to the April 26 letter, counsel for Vehicle IP sent a follow up letter to Oldcastle on December 20, 2012.

18.     Nearly two weeks later, on January 2, 2013, David Lewis, Associate General Counsel for Oldcastle, sent an email to counsel for Vehicle IP. Mr. Lewis represented that Oldcastle was investigating the matter and would contact Vehicle IP shortly.

19.     More than two months later and after repeated requests from Vehicle IP requesting an update on their investigation, on March 20, 2013, Oldcastle sent a letter to Vehicle IP stating that Oldcastle was "not yet in a position to respond, as [Oldcastle was] awaiting responses from several vendors who have indicated that they are reviewing the matter with patent counsel and will get back to us.  One of those vendors, XRS Corp. . . . .  In any event, since our vendors are much better situated than Oldcastle to determine whether their products are covered by your client's patents, we must defer to them at this time and are simply unable to provide a substantive response without them. I would like to reiterate that Oldcastle takes this matter seriously and will promptly respond as soon as we have enough information to do so." Oldcastle has never provided the requested information or, for that matter, further responded to Vehicle IP.

20.     Based on Vehicle IP's review of the publicly available information concerning XRS's fuel tax services and on information and belief, Vehicle IP has established a good faith belief that Oldcastle has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a system and method for determining the fuel tax of a vehicle, including, but not limited to, Oldcastle's vehicle position tracking and communication system in combination with XRS's fuel tax services.  Through these activities, Oldcastle has been infringing the '481 patent.

21.     On information and belief, Oldcastle has also been and is actively inducing the infringement of the '481 patents in violation of 35 U.S.C. § 271(b) by inducing third parties, such as XRS, to provide the products and services identified in paragraph 20 that are used by the accused systems and methods that infringe the '481 patent.

22.     On information and belief, Oldcastle knew that its actions would induce infringement of the '481 patent, and Oldcastle possessed specific intent to encourage the infringement.  For example, Oldcastle has admitted that it has outsourced its fuel tax reporting to XRS for the accused systems and methods that practice the claims in the '481 patent.  This shows that Oldcastle knowingly induced XRS to commit acts necessary to infringe the '481 patent and XRS committed those acts.

23.     On information and belief and based on the preceding paragraphs, there was and is an objectively high likelihood that Oldcastle has been and is infringing the'481 patent; Oldcastle has been and is infringing the '481 patent with knowledge of the patents; and Oldcastle subjectively knew of the risk of infringement of the '481 patent and/or the risk of infringement of the '481 patent was so obvious that Oldcastle should have known of the risk; and thus, Oldcastle's infringement of the'481 patent has been and continues to be willful.

24.     On information and belief, Oldcastle will continue to infringe the '481 patent unless and until it is enjoined by this Court.

25.     Oldcastle has caused and will continue to cause Vehicle IP irreparable injury and damage by infringing the '481 patent.  Vehicle IP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Oldcastle is enjoined from infringing the '481 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Vehicle IP respectfully requests that this Court:

(1)     Enter judgment that Oldcastle has infringed the '481 patent;

(2)     Enter an order permanently enjoining Oldcastle and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '481 patent;

(3)     Award Vehicle IP damages in an amount sufficient to compensate it for Oldcastle's infringement of the '481 patent, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4)     Award Vehicle IP an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5)     Treble the damages awarded to Vehicle IP under 35 U.S.C. § 284 by reason of Oldcastle's willful infringement of the '481 patent;

(6)     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Vehicle IP its attorney fees, expenses, and costs incurred in this action; and

(7)     Award Vehicle IP such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Vehicle IP demands a jury trial on all issues so triable.

8

Dated:                                        **FISH & RICHARDSON P.C.**


By:  */s/ Thomas M. Melsheimer*
      Thomas M. Melsheimer
      Texas Bar No. 13922550
      melsheimer@fr.com
      Britnee M. Reamy
      Texas Bar No. 24053439
      reamy@fr.com
      1717 Main Street, Suite 5000
      Dallas, TX  75201
      (214) 747-5070 Telephone
      (214) 747-2091 Facsimile


Attorneys for Plaintiff
VEHICLE IP, LLC